## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR RODRIGUEZ,

      Petitioner,

      v.

D. EBBERT, Warden,

      Respondent.

CIVIL ACTION NO. 1:14-CV-01650

(KANE, J.)
(SAPORITO, M.J.)

## REPORT AND RECOMMENDATION

This proceeding was initiated by a *pro se* petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by the petitioner, Victor Rodriguez, on August 20, 2014. (Doc. 1). At the time of filing, Rodriguez was incarcerated at USP Lewisburg, located in Union County, Pennsylvania.

### I. STATEMENT OF THE CASE

On December 18, 2002, Rodriguez pleaded guilty before the United States District Court for the Eastern District of Pennsylvania to various charges related to drug trafficking, murder, and criminal possession of a weapon. On December 18, 2003, Rodriguez was sentenced to life imprisonment, a $900 special assessment, and a $5,000 fine.

Rodriguez mailed the instant federal habeas petition for filing on

August 20, 2014. (Doc. 1). In his petition, Rodriguez challenges the execution of his sentence by the United States Bureau of Prisons ("BOP"), claiming that the inclusion of funds gifted from outside sources in calculating the quarterly payment due toward his fine under the BOP's Inmate Financial Responsibility Program ("IFRP") is inconsistent with the terms of his court-imposed sentence. The respondent filed his answer to the petition on November 6, 2014. (Doc. 10). Rodriguez mailed his reply to the answer on November 13, 2014. (Doc. 11).

On February 23, 2015, Rodriguez mailed a motion for a preliminary injunction, which was received and docketed by the Court on February 26, 2015. (Doc. 12). By this motion, Rodriguez has requested the entry of an injunction *pendente lite* directing the BOP to cease collecting funds for payment of his fine under the IFRP and refrain from placing him on "IFRP refuse" status, which would result in the denial of various benefits provided to inmates who participate in the IFRP. The respondent has filed no response to Rodriguez's motion.

## II.   DISCUSSION

Rodriguez challenges not the validity or imposition of his sentence by the sentencing court, but rather the execution of that sentence by the BOP.

In particular, Rodriguez challenges an IFRP payment schedule (and sanctions imposed for noncompliance with that schedule) that is calculated based on his receipt of monetary gifts from family members outside the prison, rather than just his wages from a prison job. Rodriguez claims that including his income from outside gifts in this calculation is inconsistent with an oral sentence imposed by the sentencing court, which he claims expressly limited the payment of his criminal fine to his earnings from a prison job. Under *McGee v. Martinez*, 627 F.3d 933 (3d Cir. 2010), this claim is properly brought in a § 2241 petition in this judicial district, where he is incarcerated, rather than a civil action or a § 2255 motion in the sentencing court. *Id.* at 937.

The Inmate Financial Responsibility Program, 28 C.F.R. §§ 545.10, 545.11, is a BOP program intended to "encourage[] each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. These financial obligations include any fines, court-ordered restitution, and statutory special assessments imposed as part of a federal criminal judgment, as well as any state or local court obligations or any other federal government obligations. *Id.* § 545.11(a). Prison staff are required to "help that inmate develop a financial plan and . . . monitor the inmate's

progress in meeting that obligation." *Id.* § 545.11. If an inmate fails to comply with the provisions of his individualized financial plan—or refuses to participate in the IFRP altogether—the inmate will be denied various benefits, including preferential work assignments, preferential housing assignments, and other incentives, and he will be subject to a more stringent monthly commissary spending limit. *Id.* § 545.11(d).

In this case, Rodriguez is currently scheduled to make a quarterly payment of $25 toward his fine under the IFRP, the minimum payment allowed under the BOP regulations implementing the IFRP. *See* 28 C.F.R. § 545.11(b)(1). He was previously required to make larger quarterly payments, apparently based on money gifted to him from outside sources. Rodriguez claims that the BOP's use of his outside income to calculate his quarterly IFRP payment is in conflict with his sentence, which he claims expressly limited his payments toward the fine to his prison job earnings. *Cf. McGee*, 627 F.3d at 937 (remanding without ruling on the merits of a § 2241 petition claiming that an IFRP payment schedule requiring quarterly payment of $75 was illegal and invalid because the petitioner's sentencing order explicitly required payment of $20 per month and specifically directed that payment be made out of prison earnings alone).

In his written judgment of conviction, Rodriguez was sentenced to life imprisonment, a $900 special assessment, and a $5,000 fine. (Doc. 1, at 15–19). This written sentencing order did not include any explicit schedule of payments, no restrictions or instructions with respect to how or from what source the fine imposed would be paid, nor any reference whatsoever to the IFRP itself. (*See id.*). In the absence of any explicit instructions to the contrary, payment of the fine was due immediately, without any limitations or restrictions. *See* 18 U.S.C. § 3572(d)(1) ("A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments.").

Rodriguez claims that the written sentencing order is inconsistent with an oral sentence imposed by the sentencing judge in open court. "[W]hen a sentencing court's oral sentence and its written sentence conflict, the oral sentence prevails. Where the oral sentence is merely ambiguous, however, the oral sentencing order must be construed 'in the context of the overall proceeding.'" *United States v. Marchese*, 87 Fed. App'x 276, 278 (3d Cir. 2004) (quoting *Rios v. Wiley*, 201 F.3d 257, 269 (3d Cir. 2000); *see also United States v. Faulks*, 201 F.3d 208, 211 (3d Cir.

2000) ("The oral pronouncement of sentence in the defendant's presence is . . . of special importance. A long line of cases provides that when the two sentences are in conflict, the oral pronouncement prevails over the written judgment."); *United States v. A-Abras Inc.*, 185 F.3d 26, 29 (2d Cir. 1999) ("Where an unambiguous oral sentence conflicts with a written judgment, the constitutional right of a defendant to be present at sentencing dictates that the oral pronouncement of sentence must control.").

Rodriguez's claim rests on the following language from the sentencing colloquy:

> With respect to a fine, the Probation Office's recommendation of a $5,000 fine is accepted. *If the defendant works while in prison*, he will be earning modest amounts, a portion of which can go towards the fine and indeed would probably in all likelihood during the period of his custody complete the payment of the fine.

*United States v. Rodriguez*, Criminal Action No. 98-362-12, 2011 WL 1303137, at *1 (E.D. Pa. Apr. 6, 2011) (quoting the sentencing colloquy transcript) (emphasis in original). (*See also* Doc. 10, at 2 (same quote); Doc. 1, at 2 (same quote with scrivener's errors)).

But like the written sentencing order, the oral sentence did not

provide for deferred payment of the fine on a date certain or in installments, and it provided no explicit restrictions or instructions with respect to how or from what source the fine imposed would be paid. Despite Rodriguez's argument to the contrary, it does not unambiguously limit the payment of his fine to future prison earnings along—exempting personal gifts from outside sources from any IFRP calculations. On its face, the second sentence of this statement is merely a finding with respect to Rodriguez's ability to pay the fine imposed. *See generally* 18 U.S.C. § 3572(a) (statutory factors to be considered in imposing a fine); *U.S. Sentencing Guidelines Manual* § 5E1.2(a) (2003) ("The court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine.").

At best, Rodriguez can establish only that his oral sentence is ambiguous. *See, e.g.*, *United States v. Rader*, 241 Fed. App'x 591, 595 (11th Cir. 2007) (per curiam) (finding similar statement ambiguous). But even then, the oral sentence must be construed in the context of the overall proceeding. *See Marchese*, 87 Fed. App'x at 278. Viewed in the context of the overall criminal proceeding against him, it remains clear that the second sentence of this isolated statement constitutes nothing more than a

comment on Rodriguez's future ability to pay the fine, which does not operate to limit payment of the fine to prison earnings or otherwise restrict the BOP from considering outside income in establishing an IFRP payment schedule for Rodriguez. *See Gonzalez-Rivera v. Holt*, 361 Fed. App'x 419, 421 (3d Cir. 2010) (per curiam) (finding no conflict between ordinary BOP procedures for establishing an IFRP payment schedule and a sentencing order noting that "the defendant has the wherewithal to earn [the $750 fine] in prison work programs") (alteration in original).

## III.   RECOMMENDATION

For the foregoing reasons, it is recommended that the petition (Doc. 1) be **DENIED**, and the related motion for a preliminary injunction (Doc. 12) be **DENIED as MOOT**.

Dated: July 7, 2015                         *s/ Joseph F. Saporito, Jr*.
                                            **JOSEPH F. SAPORITO, JR.**
                                            **United States Magistrate Judge**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR RODRIGUEZ,

       Petitioner,

       v.

D. EBBERT, Warden,

       Respondent.

CIVIL ACTION NO. 1:14-CV-01650

(KANE, J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the

foregoing Report and Recommendation dated July 7, 2015. Any party may

obtain a review of the Report and Recommendation pursuant to Local Rule

72.3, which provides:

> Any party may object to a magistrate judge's proposed
> findings, recommendations or report addressing a motion
> or matter described in 28 U.S.C. § 636(b)(1)(B) or making
> a recommendation for the disposition of a prisoner case
> or a habeas corpus petition within fourteen (14) days
> after being served with a copy thereof. Such party shall
> file with the clerk of court, and serve on the magistrate
> judge and all parties, written objections which shall
> specifically identify the portions of the proposed findings,
> recommendations or report to which objection is made
> and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A
> judge shall make a de novo determination of those
> portions of the report or specified proposed findings or
> recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: July 7, 2015**

_**s/ Joseph F. Saporito, Jr.**_
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge