IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR RODRIGUEZ, | : | |
|     Petitioner | : | No. 1:14-cv-01650 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| D. EBBERT, Warden, | : | (Magistrate Judge Saporito) |
|     Defendants | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On December 18, 2002, in the United States District Court for the Eastern District of Pennsylvania, Petitioner Victor Rodriguez pleaded guilty to charges including drug trafficking, murder, and criminal possession of a weapon. (Doc. No. 14 at 1.) He was sentenced to life imprisonment, a $900 special assessment, and a $5,000 fine. (Id.)

On August 20, 2014, while incarcerated at the United States Penitentiary, Lewisburg, Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) In his petition, he argues that the United States Bureau of Prisons ("BOP") is calculating payments toward his fine in a manner inconsistent with the terms of sentence imposed by the sentencing court. (Id.) According to Petitioner, it appears that his Inmate Financial Responsibility Program payment schedule is being calculated based on monetary gifts provided by family members in addition to the wages from his prison job. (Id.) Petitioner contends that this is inconsistent with the oral sentence, which he argues expressly limited his fine payments to the earnings from his prison job. (Id.) After the merits of the petition were fully briefed, Petitioner also filed a motion for an injunction, asking the Court to order the BOP to cease collecting funds. (Doc. No. 12.)

On July 8, 2015, Magistrate Judge Saporito filed a Report and Recommendation in which he recommends that the Court deny both the motion for a preliminary injunction and the habeas petition. (Doc. No. 14.) Specifically, Magistrate Judge Saporito recommends the Court find that nothing in either the judgment nor the oral colloquy provided any explicit restrictions limiting Plaintiff's payments in the manner he describes. (Id. at 6-7.) On July 17, 2015, Petitioner filed objections in which he reasserts that the oral sentence expressly provided for payments as set forth in his petition. (Doc. No. 15.) He insists that the failure to include such restrictions in his criminal judgment amounts to a clerical error that the Court should rectify. (Id.)

The Court will adopt the Report and Recommendation of Magistrate Judge Saporito, and will overrule Petitioner's objections. The portion of the oral colloquy on which Petitioner relies reads as follows:

> With respect to a fine, the Probation Office's recommendation of a $5,000 fine is accepted. If the defendant works while in prison, he will be earning modest amounts, a portion of which can go towards the fine and indeed would probably in all likelihood during the period of his custody complete the payment.

(See Doc. Nos. 1 at 2, 14 at 6.) Petitioner contends that the second sentence quoted above expressly limited his fine payments to prison earnings, but the Court agrees with Magistrate Judge Saporito that this is not the case; instead, the second sentence appears to reflect the sentencing court's application of the statutory factors governing fines. (See Doc. No. 14 at 7) ("On its face, the second sentence of this statement is merely a finding with respect to [Petitioner's] ability to pay the fine imposed."); see also 18 U.S.C. § 3572 (listing the factors to the considered by a court in determining whether to impose a fine). Simply put, the above-quoted language from his sentencing says nothing about limiting Petitioner's payments exclusively to his prison wages.

Rather, the Court agrees with Magistrate Judge Saporito and finds that the above-quoted language is, at best, ambiguous on the subject.  (See Doc. No. 14 at 7.)  "[W]hen a sentencing court's oral sentence and its written sentence conflict, the oral sentence prevails . . . . [w]here the oral sentence is merely ambiguous, however, the oral sentencing order must be construed 'in the context of the overall proceeding.'"  United States v. Marchese, 87 F. App'x 276, 278 (3d Cir. 2004) (quoting Rios v. Wiley, 201 F.3d 257, 269 (3d Cir. 2000)).  Viewed in the context of the overall proceeding, there is nothing on which the Court could make a finding that the sentencing court intended to limit Petitioner's payments in the manner he claims.  Along these lines, the Court must reject Petitioner's repeated assertion in his objections that the failure to include such written instructions was a mere clerical error.  The Court will therefore deny the petition for a writ of habeas corpus.  Additionally, because Petitioner is not entitled to his requested relief, the Court will also deny his motion for a preliminary injunction.

**ACCORDINGLY**, this 14th day of August 2015, **IT IS HEREBY ORDERED THAT** Petitioner's petitioner for a writ of habeas corpus pursuant to Section 2241 (Doc. No. 1) is **DENIED**, and Petitioner's motion for an injunction (Doc. No. 12) is **DENIED**.  The Clerk of Court is directed to close the case.

S/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania